UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAYMOND C WATKINS,

Plaintiff,

v.

STATE OF CALIFORNIA,

Defendant.

Case No.  18-cv-07496-KAW  (PR)

**ORDER OF SERVICE**

Plaintiff Raymond C. Watkins, a pretrial detainee at Napa State Hospital, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights because he is being medicated against his will.   Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action.  Plaintiff has filed a motion for leave to proceed *in forma pauperis* ("IFP"), which is granted in a separate order.  The Court now addresses the claims asserted in Plaintiff's complaint.

**DISCUSSION**

**I.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).  *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Caifornia Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

A plaintiff may sue a state official seeking prospective injunctive relief from unconstitutional state action. *Kentucky v. Graham*, 473 U.S. at 167 n.14; *Ex parte Young*, 209 U.S. 123, 159-60 (1908). This principle generally is referred to as the *Ex parte Young* exception and is limited to prospective injunctive relief from continuing or impending state action which violates the federal constitution or a federal statute. *Armstrong v. Wilson*, 124 F.3d 1019, 1026 (9th Cir. 1997).

## II. Plaintiff's Claims

In his complaint, Plaintiff alleges the following:

Plaintiff was found to be incompetent to stand trial and was transferred to Napa State Hospital where custodial medical staff are forcing him to take unwanted psychiatric medication. Plaintiff does not meet the requirements necessary for involuntary medication and seeks to have the involuntary medication stopped.

The Supreme Court has recognized a liberty interest in freedom from unwanted antipsychotic drugs. *Washington v. Harper*, 494 U.S. 210, 221-22 (1990); *United States v. Ruiz-Gaxiola*, 623 F.3d 684, 691 (9th Cir. 2010). For convicted inmates, or those awaiting trial, the "liberty interest in avoiding unwanted medication must be defined in the context of the inmate's

confinement." *United States v. Loughner*, 672 F.3d 731, 745 (9th Cir. 2012). If it is determined that an inmate is a danger to himself or others, and treatment is in his medical interest, the Due Process Clause allows the State to treat an inmate with serious mental illness with antipsychotropic drugs against his will. *Harper*, 494 U.S. at 227; *cf. Riggins v. Nevada*, 504 U.S. 127, 135 (1992) ("forcing anti-psychotic drugs on a convicted prisoner is impermissible absent a finding of overriding justification and a determination of medical appropriateness."). *Harper* also applies to pre-trial detainees. *Loughner*, 672 F.3d at 750-51. An invasion of the human person can only be justified by a determination by a neutral factfinder that the antipsychotic drugs are medically appropriate and that the circumstances justify their application. *Kulas v. Valdez*, 159 F.3d 453, 455-56 (9th Cir. 1998). A more stringent standard is required for medicating a defendant facing trial in order to render that defendant competent, as opposed to treatment for the defendant's dangerousness. *Sell v. United States*, 539 U.S. 166 (2003).

Liberally construed, the allegations appear to give rise to a cognizable due process claim against the State of California for prospective injunctive relief. However, any claim for damages against the State of California is dismissed. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985) (Eleventh Amendment bars from the federal courts suits for damages against a state by its own citizens). If Plaintiff is seeking money damages, he must file a motion to amend his complaint to add as defendants the individual medical personnel who are forcing him to take anti-psychotic drugs involuntarily.

## CONCLUSION

Based on the foregoing, the Court issues the following Orders:

1. Liberally construed, the allegations appear to give rise to a cognizable due process claim against the State of California for prospective injunctive relief. Any claims for money damages against the State of California are dismissed with prejudice.

2. The Clerk of the Court shall mail <u>a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1) and all attachments thereto, a copy of this Order, and a copy of the form "Consent or Declination to Magistrate Judge Jurisdiction" to Gavin Newsome, Governor of the State of</u>

California.  This form can also be found at www.cand.uscourts.gov/civilforms.  The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco, and a copy of this Order to Plaintiff.

3.  Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the waiver forms.  If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendant will not be required to serve and file an answer before sixty days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendant is advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties regarding waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendant has been personally served, the answer shall be due sixty days from the date on which the request for waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

4.  Defendant shall file his Consent or Declination to Magistrate Judge Jurisdiction on or before the date his answer is due.

5.  The following briefing schedule shall govern dispositive motions in this action:

a.  No later than thirty days from the date the answer is due, Defendant shall file a motion for summary judgment or other dispositive motion.  If Defendant files a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendant believes this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion,

4

Defendant shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion. If the motion is based on non-exhaustion of administrative remedies, Defendant must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). *See Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

        b. Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendant no later than <u>twenty-eight</u> days after the date on which Defendant's motion is filed. The Ninth Circuit has held that the following notice should be given to *pro se* plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

        Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendant when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant's summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, copies of documents authenticated

by sworn declaration or discovery.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

The same evidentiary requirement applies if Defendant files a motion for summary judgment for failure to exhaust administrative remedies.  To oppose this motion, Plaintiff must present any evidence he may have which tends to show that he did exhaust administrative remedies or was excused from doing so.  Again, the evidence may be in the form of declarations, that is statements of fact from himself or other witnesses signed under penalty of perjury, copies of documents accompanied by a declaration showing where they came from and why they are authentic, or discovery documents such as answers to interrogatories or depositions.  In considering a summary judgment motion for failure to exhaust administrative remedies, the Court can decide disputed issues of fact about this portion of the case.  *See generally Albino*, 747 F.3d at 1172-73; *Stratton*, 697 F.3d at 1008.

c.  Defendant <u>shall</u> file a reply brief no later than <u>fourteen</u> days after the date Plaintiff's opposition is filed.

d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

6.  Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  No further court order pursuant to Rule 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7.  All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or counsel.

8.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9.  Extensions of time are not favored, though reasonable extensions will be granted.  Any

motion for an extension of time must be filed no later than <u>three</u> days prior to the deadline sought to be extended.

       IT IS SO ORDERED.

Dated: March 1, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California