UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND C WATKINS,<br>　　　　Plaintiff,<br>　　v.<br>STATE OF CALIFORNIA,<br>　　　　Defendant. | Case No. 18-cv-07496-HSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 17 |

## INTRODUCTION

Plaintiff Raymond C. Watkins, a pretrial detainee at Napa State Hospital, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights because he is being medicated against his will. Now pending before the Court is defendant's motion to dismiss this action. Dkt. No. 17. Plaintiff has filed an opposition, Dkt. No. 22, and defendant has filed a reply, Dkt. No. 23. For the reasons set forth below, defendant's motion to dismiss is GRANTED.

## DISCUSSION

**I.    Complaint**

According to the complaint,[1] on October 17, 2018,[2] plaintiff was found to be incompetent to stand trial. Dkt. No. 1 at 6. Plaintiff was transferred to Napa State Hospital where custodial medical staff are forcing him to take unwanted psychiatric medication. *Id.* Plaintiff alleges that the medication adversely affects his ability to communicate with counsel, to understand the nature

---

[1] The Court liberally construes the pleading docketed at Dkt. No. 1 as a complaint.
[2] In his opposition to the motion to dismiss, plaintiff states that he was sent to Napa State Hospital on October 18, 2018. Dkt. No. 22 at 2.

of the legal proceedings, and to participate in his defense. Dkt. No. 1-1 at 2. Plaintiff seeks to have the involuntary medication stopped. *See generally* Dkt. No. 1.

## II. Additional Background

Plaintiff is a defendant in criminal proceedings in Tuolumne County Superior Court. Dkt. No. 19 at 4-5.[3] Plaintiff was found mentally incompetent within the meaning of Cal. Penal Code § 1368.[4] Subsequently, on August 6, 2018,[5] pursuant to the finding of mental incompetence, the Tuolumne County Superior Court ordered the suspension of the criminal proceedings, ordered that plaintiff be committed to Napa State Hospital pursuant to Cal. Penal Code § 1370,[6] and authorized the administration of involuntary medications pursuant to *Sell v. United States*.[7] *Id.* The Tuolumne County Superior Court further ordered that plaintiff be returned to Tuolumne County Superior Court upon the filing of a certificate of restoration to competence. *Id.* Counsel for defendant has searched the California Appellate Courts Case Information System and there is no indication that plaintiff has appealed this order. Dkt. No. 17 at 6.

---

[3] The Court GRANTS defendant's unopposed request for judicial notice of the Order Suspending Trial and Committing Mental Incompetent, filed on August 6, 2018, in Tuolumne County Superior Court in Case Nos. CRF54869, CRF51450 because this is a pleading filed in a court that has a direct relation to the matters at issue, and because this pleading can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.") (internal quotation marks and citation omitted); Fed. R. Evid. 201(b)(2). Dkt. No. 19.

[4] In relevant part, Cal. Penal Code § 1368 provides that if during the pendency of an action and prior to judgment a judge has doubts as to the mental competence of the defendant, the court may inquire as to whether the attorney finds the defendant to be mentally competent, or order a hearing into the present mental competence of the defendant. Cal. Penal Code § 1368.

[5] In his opposition to the motion to dismiss, plaintiff states that his case was suspended earlier, on January 29, 2018. Dkt. No. 22 at 2. The discrepancy in the dates that the criminal proceedings were suspended does not affect the applicability of the *Rooker-Feldman* doctrine because the relevant issue is whether plaintiff's claim requires the Court to review a state court decision.

[6] Cal. Penal Code § 1370(a) provides that the criminal process shall resume upon a defendant being found mentally competent. Cal. Penal Code § 1370(a). Cal. Penal Code § 1370(b) provides that if a defendant is found mentally incompetent, the hearing on the alleged violation shall be suspended until the defendant becomes mentally competent. Cal. Penal Code § 1370(b).

[7] In *Sell v. United States*, 539 U.S. 166 (2003), the Supreme Court held that the Fifth Amendment's due process clause permits involuntary administration of antipsychotic drugs to a mentally ill defendant facing serious criminal charges in order to render that defendant competent to stand trial, but only if the treatment is medically appropriate, is substantially unlikely to have side effects that may undermine the fairness of the trial, and, taking account of less intrusive alternatives, is necessary significantly to further important governmental trial-related interests. *Sell*, 539 U.S. at 178-84.

**II.     Motion to Dismiss**

Defendants seek dismissal of this action under both Rule 12(b)(1) and Rule 12(b)(6). Defendant argues that the complaint should be dismissed without leave to amend because this Court is without subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, because the complaint fails to state a claim upon which relief may be granted because it does not name a proper party as the defendant, and because the complaint fails to provide sufficiently particular evidentiary facts. Dkt. No. 17.  Plaintiff argues that he intended to file a state habeas action and not a Section 1983 action; that the underlying state court competency proceedings violated his rights under the Due Process Clause because he was not allowed to question the prosecution's witness or call his own witnesses; that he should have been appointed a third attorney rather than being sent to Napa State Hospital; that his attempt to appeal the state court's August 6, 2018 order was blocked by the court; that *Vitek v. Jones*, 445 U.S. 480, provides that he should have been provided with certain due process protections prior to being transferred to a mental hospital for treatment; and that the commitment to Napa State Hospital violated his liberty interest in making decisions regarding his health and rejecting unwanted medical care and violated his First Amendment right to free speech, free thought, and freedom of religion.

For the reasons set forth below, the Court finds that it lacks subject matter jurisdiction to consider this action under the *Rooker-Feldman* doctrine.  Accordingly, the Court does not address defendant's 12(b)(6) challenge.

**A.     Standard of Review**

A motion to dismiss filed pursuant to Rule 12(b)(1) challenges the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994).  The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Id.*  A challenge pursuant to Rule 12(b)(1) may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  In a facial attack, the jurisdictional challenge is confined to the allegations pleaded in the complaint. *See Wolfe v. Strankma*n, 392 F.3d 358, 362

3

(9th Cir. 2004). The challenger asserts that the allegations in the complaint are insufficient "on their face" to invoke federal jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To resolve this challenge, the court assumes that the allegations in the complaint are true and draws all reasonable inferences in favor of the party opposing dismissal. *See Wolfe*, 392 F.3d at 362. In a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Safe Air for Everyone*, 373 F.3d at 1039. Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

**B.     Analysis**

The Court agrees that it lacks subject matter jurisdiction to consider this action. The *Rooker-Feldman* doctrine provides that lower federal courts are without subject matter jurisdiction to review state court decisions. State court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). The *Rooker-Feldman* doctrine applies even when the state court judgment is not made by the highest state court, *see Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986), and when federal constitutional issues are at stake, *see Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995). The *Rooker-Feldman* doctrine essentially bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). This complaint is a de facto appeal from the Tuolumne County Superior Court's August 6, 2018 order. The *Rooker-Feldman* doctrine bars this Court from reviewing or vacating the order of the Tuolumne County Superior Court. If plaintiff wishes to challenge the superior court's order, his recourse is to appeal to the California Court of Appeal at the appropriate time.

The arguments raised by plaintiff in his opposition do not establish federal court subject matter jurisdiction. This Court remains without subject matter jurisdiction to consider a Section 1983 challenge to a state court order even if the plaintiff's intent was to file a petition for a writ of

habeas corpus. Nor may the Court construe this action as a petition for a writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (district court should not convert a defective section 1983 claim into a habeas petition because it may bar petitioner from bringing other habeas claims). If plaintiff wishes to bring this claim in a federal habeas petition, he should file a separate federal petition for a writ of habeas corpus.[8] Nor does plaintiff's argument that his state court competency proceedings violated his federal constitutional rights and violated federal caselaw confer subject matter jurisdiction. As discussed *supra*, the *Rooker-Feldman* doctrine applies even when federal constitutional issues are at stake. *See Branson*, 62 F.3d at 291. Similarly, plaintiff's allegation that the judge blocked him from filing an appeal does not confer subject matter jurisdiction. Regardless of why a plaintiff seeks review of a state court decision, a federal district court does not have appellate jurisdiction over a decision from a state superior court. *Rooker*, 263 U.S. at 415-16 (district courts may not exercise appellate jurisdiction over state courts).

The Court therefore GRANTS the motion to dismiss for lack of subject matter jurisdiction. The Court declines to address defendant's remaining arguments in support of its motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction to consider this action and GRANTS defendant's motion to dismiss. The Clerk of the Court shall enter judgment in favor of defendant and against plaintiff.

This order terminates Dkt. No. 17.

**IT IS SO ORDERED.**

Dated: 11/27/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[8] It is unclear whether plaintiff has met the requirements for seeking federal habeas relief, such as being in custody pursuant to the judgment of a state court, 28 U.S.C. § 2254(a), or having exhausted state court remedies, 28 U.S.C. 2254(b)(1)(A).

5